UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
JIN-YI HONG, on behalf of himself and all :   Civil Action No.: 08 CV 11155 (PKC)
others similarly situated,                                    :
                                                              :
                                    Plaintiff,                :
                                                              :
                    v.                                        :
                                                              :
BENIHANA INC. d/b/a HARU PARK                                 :
AVENUE and HARU PARK AVENUE                                   :
CORP.,                                                        :
                                                              :
                                    Defendants.               :
-------------------------------------------------------------- x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-25-09
```

## FINAL ORDER APPROVING SETTLEMENT BETWEEN THE CLASS PLAINTIFFS AND DEFENDANTS BENIHANA INC. AND HARU PARK AVENUE CORP.

This Court, having considered the Plaintiff's motion for approval of the proposed settlement (the "Settlement") as set forth in the Stipulation of Settlement and Release dated July 24, 2009 (the "Settlement Agreement"), and the Exhibits annexed to and incorporated by reference in the Settlement Agreement, having held a hearing on November 24, 2009, having considered all of the submissions and arguments with respect to the motion, and by previous Order dated August 13, 2009, having preliminarily approved the Settlement Agreement and the Exhibits annexed thereto and having certified solely for purposes of settlement a plaintiff class (the "Settlement Class"), pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, comprised of the following:

> All persons who were employed by Defendants at the Haru restaurant located at 280 Park Avenue, New York, New York (the "Restaurant") from December 22, 2002 through May 26, 2009 (the "Class Period") as a server, sushi chef, busser, runner or bartender;

hereby, FINDS that:

1. Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure, including, but not limited to, the form of notice and methods of identifying members of the Settlement Class, has been given in an adequate and sufficient manner, constituting the best notice practicable, and complying in all respects with such Rule and due process;

2. The Court has held a hearing to consider the fairness, reasonableness and adequacy of the Settlement as set forth in the Settlement Agreement (a copy of the Settlement Agreement, including its Exhibits, is annexed hereto);

3. The Court has been advised of any objections to the Settlement Agreement and has given consideration thereto;

4. Counsel for both parties have, in good faith, engaged in arms' length negotiations which have resulted in the Settlement Agreement;

5. The Settlement Agreement, including the Exhibits annexed thereto, is in all respects fair, reasonable and adequate, and in the best interests of the Settlement Class and the Settlement Class meets each of the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, as previously ruled; and

6. The Court has considered and determined that the venue of this case is proper and that the Court has jurisdiction over the parties, subject matter and the Settlement Class. Accordingly, the proposed Settlement as set forth in the Settlement Agreement is hereby APPROVED pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

In accordance with the terms of the Settlement Agreement, the terms of which are hereby incorporated by reference, it is hereby ORDERED, ADJUDGED AND DECREED that:

187798 4

a.  Pursuant to the terms of the Settlement Agreement, Defendants shall pay to each of the members of the Settlement Class, who have not timely and validly excluded themselves from the Settlement Class and thus the Settlement, an individual settlement amount calculated as follows: (i) the total settlement amount of $260,000 shall be reduced by the attorneys' fees and costs payment of $65,000 for a total net settlement amount of $195,000; (ii) the total net settlement amount of $195,000 shall be divided by the aggregate number of hours worked by all of the Settlement Class members in a class position (i.e., server, sushi chef, busser, runner, or bartender) at the Restaurant during the Class Period to determine an Hourly Recovery Amount; (iii) and for each Settlement Class member, the number of hours that Settlement Class member worked for Defendants in a class position at the Restaurant during the Class Period shall be multiplied by the Hourly Recovery Amount to determine the individual settlement amount to be paid to each Settlement Class member, less all payroll withholdings and deductions required by law. (Scheduled hours worked by sushi chefs in the back of the house shall not be included when calculating the Hourly Recovery Amount nor when calculating such sushi chefs' individual settlement amounts.) Defendant shall also provide replacement settlement payment checks and retain unclaimed checks for the 365 day period pursuant to Paragraph 12 of the Settlement Agreement;

b.  Defendants shall pay to counsel for the Plaintiff and the Settlement Class, Joseph, Herzfeld, Hester & Kirschenbaum, LLP, attorneys' fees and costs for professional services rendered in connection with the action in the total amount of $65,000 and in the method and manner provided for in the Settlement Agreement;

c.  This action is hereby dismissed with prejudice and without costs as to either party;

187798.4

3

d.    Defendants Benihana Inc. ("Benihana") and Haru Park Avenue Corp. ("Haru Park") and each of their past, present and future parents, subsidiaries, divisions, affiliates and any and all of Benihana's, Haru Park's and such additional entities' past, present and future stockholders, officers, members, directors, employees, agents, fiduciaries, insurers, employee benefit plan administrators, attorneys, successors and assigns and all persons and entities acting by, through, under or in concert with any of them and any individual or entity which could be jointly liable with any of them (collectively, the "Releasees") are hereby released and forever discharged from all manner of claims, demands, actions, suits, causes of action, whether class, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including, without limitation, costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, asserted or unasserted, in law or in equity, that the Plaintiff and/or any member or members of the Settlement Class who have not timely excluded themselves from this action, including any of their past, present or future agents, representatives, attorneys, trustees, associates, heirs, executors, administrators, predecessors, successors and assigns, and whether or not they objected to the Settlement and whether or not they participate in the settlement payments, as provided for in the Settlement Agreement, whether directly, representatively, derivatively or in any other capacity, ever had, now have or hereafter can, shall or may have, arising out of or relating to any act or omission prior to the date of this Final Order, concerning in any way wages (including, without limitation, minimum wages, overtime and spread of hours premium pay), tip credits, tips (including, without limitation, the handling, distribution, pooling and sharing of tips), including, but not limited to, any and all claims and conduct alleged in the Complaint in this action, including, without limitation, claims which arise under or relate to any federal, state or local constitution, statute, regulation, code and/or common

187798.4

law regarding wages (including, without limitation, minimum wages, overtime and spread of hours premium pay), tip credits, tips, gratuities and the payment, handling, distribution, pooling, and sharing of tips, including, without limitation, the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and the New York State Labor Law (including, without limitation, any provisions prohibiting retaliation against individuals for engaging in activity protected under any such statutes, codes or regulations)(the "Released Claims");

   e. Each and every member of the Settlement Class who has not timely excluded herself or himself from the Settlement Class is hereby prohibited from seeking to establish liability against any of the Releasees based in whole or in part upon any of the Released Claims;

   f. For a period of six years, the Clerk of the Court, Plaintiff and Settlement Class counsel and Defendants' counsel shall maintain the record of those members of the Settlement Class who have timely excluded themselves from the Settlement Class;

   g. Nothing in this Order, the Settlement, the Settlement Agreement, or any of the negotiations, discussions and proceedings in connection with this Order, the Settlement or the Settlement Agreement shall constitute any evidence or an admission by Defendants or by any of the other Releasees of any liability, unlawful conduct or wrongdoing by Defendants or by any of the other Releasees. Furthermore, this Order, the Settlement, the Settlement Agreement and any of their terms, and all negotiations, discussions and proceedings in connection with them, shall not be offered or received in evidence or used for any purpose in this or any other proceeding in any Court or other forum, except as necessary to enforce the terms of this Order or the Settlement Agreement;

h.	Without affecting the finality of this Judgment, the Court retains exclusive jurisdiction of the Settlement Agreement, including the administration and consummation of the Settlement Agreement, and in order to determine issues relating to attorney's fees and expenses and to distribution of the Settlement Payments to members of the Class who have not timely excluded themselves from this action. In addition, without affecting the finality of this Judgment, the Court retains exclusive jurisdiction of, and Defendants and each member of the Settlement Class are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement and the Exhibits thereto and to have agreed that any such suit, action, proceeding or dispute shall be resolved in a non-jury proceeding before this Court. Without limiting the generality of the foregoing, any dispute concerning the provisions of Paragraphs d or e hereof, including but not limited to, any suit, action or proceeding by a plaintiff in which the provisions of Paragraphs d or e are asserted as a defense, in whole or in part, to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order and the Settlement Agreement and Exhibits thereto, and to the fullest extent that they may effectively do so under applicable law, the parties hereto are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court or that this Court is in any way an improper venue or an inconvenient forum, and the defendant who is a party to such suit, action or proceeding shall be entitled to a stay of that suit, action or proceeding until the Court has entered a final judgment no longer subject to any appeal, modification or review determining any issues relating to the defense or objection based on such provisions.

187798 4

*All claims having been adjudicated,*

i. The Court ~~finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and~~ directs the Clerk of the Court to enter final judgment in this Action. *All motions are terminated.*

/PKC

Dated: New York, New York
November 25, 2009

SO ORDERED.

_____
Hon. P. Kevin Castel
United States District Judge

Copies of this Order have been mailed to counsel for the parties.

187798.4

7